No. 63676.—National Carloading Corporation v. United States, protest 58/10420 (San Francisco).

RAO, Judge: Certain imported automobile jacks were classified by the collector of customs at the port of San Francisco, as articles of base metal, not specially provided for, and, accordingly, were assessed with duty at the rate of 21 per centum ad valorem, pursuant to the provisions of paragraph 397 of the Tariff Act of 1930, as modified by the Sixth Protocol of Supplementary Concessions to the General Agreement on Tariffs and Trade, 91 Treas. Dec. 150, T.D. 54108.

Plaintiff contends in this action that said jacks are more specifically provided for in paragraph 372 of said act, as modified by said sixth protocol, as machines,

not specially provided for, and, hence, that the merchandise is properly dutiable at the rate of 13 per centum ad valorem.

The foregoing competing provisions read as follows:

Paragraph 397 and T.D. 54108:

Articles or wares not specially provided for, whether partly or wholly manufactured:

    *          *          *          *          *          *          *

         Composed wholly or in chief value of iron, steel, copper, brass, nickel, pewter, zinc, aluminum, or other base metal (except lead), but not plated with platinum, gold, or silver, or colored with gold lacquer:

         *         *         *         *         *         *         *

             Not wholly or in chief value of tin or tin plate:

             *         *         *         *         *         *         *

                 Other, composed wholly or in chief value of iron, steel, brass, bronze, zinc, or aluminum (except * * *) _____ 21% ad val.

Paragraph 372 and T.D. 54108:

Machines, finished or unfinished, not specially provided for:

   *          *          *          *          *          *          *

     Other (except * * *) _____ 13% ad val.

A sample of the imported jack is in evidence as plaintiff's exhibit 1. It is a small device which consists of a base and a platform connected by a threaded metal rod or screw topped by a ratchet which is attached to a handle. The record establishes that the application of force to the handle is transmitted to the screw, causing it to turn and raise or lower the platform of the jack. The article is used for lifting automobiles, and can, without difficulty, lift a house trailer.

In support of its contention that the subject jacks are machines within the contemplation of said paragraph 372, as modified, *supra*, plaintiff invites our consideration of the cases of *C. F. Osmers Co.* v. *United States*, 47 Treas. Dec. 904, Abstract 48549, involving automobile jacks, and *Acrow, Incorporated, and Frank P. Dow Co., Inc.* v. *United States*, 32 Cust. Ct. 356, Abstract 57727, involving so-called building shore jacks, used to raise and lower heavy panels in building operations.

It would appear that the merchandise at bar is of a similar type to the automobile jacks which were the subject of decision in the *Osmers* case, *supra*, wherein the following was stated:

AUTOMOBILE JACKS—MACHINES.—Automobile jacks classified as manufactures of metal at 40 per cent ad valorem under paragraph 399, tariff act of 1922, are claimed dutiable as machines or parts thereof at 30 per cent under paragraph 372.

Opinion by FISCHER, G. A. The jacks in question were found to be the well-known mechanism used as accessories to automobiles in lifting them for an exchange of tires and like purposes. They were found to respond to the court's definition of a machine in Simon v. United States (8 Ct. Cust. Appls. 273; T.D. 37537) and were held dutiable under paragraph 372 as claimed.

In holding the building shores involved in the *Acrow* case, *supra*, to be machines within the contemplation of paragraph 372 of the Tariff Act of 1930, we adverted to the *Osmers* case, *supra*, stating:

Since the Morris hoist blocks, used in lifting objects, were held to be machines in T.D. 41196, and since jacks, being the well-known mechanism used as accessories to automobiles in lifting them for an exchange of tires and like purposes, were held to be machines in Abstract 48549, and both of these decisions were called to the attention of Congress prior to the passage of paragraph 372 of the Tariff Act of 1930, we see no escape from the conclusion that the involved jacks or building shores are machines. The involved building shores or jacks are something more than a "crowbar," or a "pair of pliers." They have some movable parts and do some of the things pointed out in the *Simon, Buhler* case. They are mechanical contrivances which utilize and apply force for the transmission of motion.

The definition of a machine, approved in the *Simon, Buhler* case, should not be held to include all devices and mechanisms. However, articles like those here involved are not excluded from the definition of a "machine," but are clearly embraced within it, for they comprise a complex combination of mechanical parts, one of the purposes of which is to lift loads.

Neither evidence nor argument is advanced by the defendant to warrant a departure from the principles expressed in the cited cases. Since it is clear that the instant jacks are mechanical contrivances which, in their operation, utilize and transmit force, they are to that extent embraced by the oft-cited definition of machines stated in the case of *Simon, Buhler & Baumann (Inc.)* v. *United States*, 8 Ct. Cust. Appls. 273, 277, T.D. 37537, in the following terms:

* * * a mechanical contrivance for utilizing, applying, or modifying energy or force or for the transmission of motion * * *.

We are, therefore, of the opinion that the subject jacks are machines within the purview of paragraph 372, as modified, *supra*, which are dutiable at the rate of 13 per centum ad valorem. The claim in the protest to that effect is, therefore, sustained.

Judgment will be entered accordingly.